UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WAYNE BUSSELL,

        Plaintiff,

v.

        Case No. 07-12888
        Hon. David M. Lawson

RESOURCE CONSULTANTS, INC. and
THOMAS SADLER,

        Defendants.
_____/

## ORDER GRANTING MOTION TO WITHDRAW, DISMISSING CASE WITHOUT PREJUDICE, AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITH PREJUDICE

This matter is before the Court on attorney Joseph R. Furton, Jr.'s motion to withdraw as counsel for the plaintiff. The Court heard oral argument in open court on December 4, 2007.

Counsel moves for withdrawal based on the fact that the plaintiff failed to inform him that he, the plaintiff, filed for bankruptcy prior to retaining counsel. Subsequent to the commencement of the present action on January 29, 2007, the plaintiff was discharged from bankruptcy on July 2, 2007. However, he failed to relay this information to counsel as well. Mr. Furton represents that this course of events and other disagreements in the presentation of this action have led to a breakdown of the attorney-client relationship. The Court agrees and therefore will grant the motion for withdrawal.

Additionally, the Court finds that the present case must be dismissed pursuant to the doctrine of judicial estoppel. Apart from failing to inform counsel of the pendency of bankruptcy proceedings, the plaintiff also failed to disclose the present claim as an asset in his bankruptcy papers. Section 521(1) of the Bankruptcy Code requires a debtor to file "a schedule of assets and

liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). It is beyond dispute that a cause of action is an asset within the meaning of this statute. *See Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004). Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). However, the doctrine is quite flexible and has been applied to prevent inconsistent arguments spanning separate proceedings. *See, e.g., Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002). With that in mind, the Supreme Court has identified three factors that may guide a court's analysis: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 750-51. In *Eubanks*, the Sixth Circuit held that judicial estoppel did not apply where the evidence suggested that the plaintiffs had inadvertently omitted a cause of action in their bankruptcy filings. *Eubanks*, 385 F.3d at 898-99. However, the court acknowledged that judicial estoppel would be appropriate in the face of "fraudulent intentions," *see id.* at 899, as, for instance, the Sixth Circuit later encountered in *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420 (6th Cir. 2005). The Court suspects that the plaintiff's omission in the present case was not the result of an innocent mistake, and the doctrine of judicial estoppel likely precludes the case at bar. However, to afford the plaintiff an opportunity to explain his actions, the Court will dismiss the case without prejudice for the time

being.

Accordingly, it is **ORDERED** that Mr. Furton's motion to withdraw as counsel [dkt # 12] is **GRANTED** for the reasons set forth above and stated on the record.

It is further **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons set forth above and stated on the record.

It is further **ORDERED** that if the plaintiff wishes to pursue the matter, he may file a motion to reinstate the case accompanied by an explanation in writing why the doctrine of judicial estoppel should not bar the action. If the plaintiff fails to file such a motion on or before **April 5, 2008**, the dismissal will become a dismissal **WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 5, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 5, 2007.

s/Felicia M. Moses
FELICIA M. MOSES